**\*NOT FOR PUBLICATION\***

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MAIER SOLAR ENGINEERING, LLC d/b/a SOLAR ME USA,

              Plaintiff,

  v.

WELLS FARGO, NA, aka WELLS FARGO & COMPANY, and BRETT A. COOPER;

              Defendants.

Civ. Action No. 21-13292 (FLW)

**OPINION**

**WOLFSON, Chief Judge:**

      Before the Court is plaintiff Maier Solar Engineering's ("Plaintiff") Motion to Remand this action to the Superior Court of New Jersey, Law Division, Middlesex County. Plaintiff originally filed a complaint against Wells Fargo Bank, N.A. (incorrectly pleaded as "Wells Fargo, NA, aka Wells Fargo & Company") ("Wells Fargo") in the Superior Court, after which Wells Fargo timely removed the action to this Court based on diversity jurisdiction. Before Wells Fargo filed any responsive pleading, Plaintiff filed an amended complaint adding Brett A. Cooper, a New Jersey resident, as a defendant, thereby destroying complete diversity between Plaintiff and the two defendants. On the same day, Plaintiff filed a Motion to Remand based on the absence of subject matter jurisdiction. Wells Fargo opposes the Motion to Remand on grounds that Plaintiff added Cooper as a defendant primarily in order to destroy diversity jurisdiction. For the reasons set forth herein, I agree with Wells Fargo. The Motion to Remand is **DENIED** and Cooper is dismissed from the action.

1

I.     BACKGROUND AND PROCEDURAL HISTORY

On June 3, 2021, Plaintiff filed a complaint (the "Original Complaint") in the Superior Court of New Jersey, Middlesex County, naming Wells Fargo as the sole defendant (the "State Court Action"). *See* Compl., ECF No. 1-1. Plaintiff is a New Jersey limited liability company. Compl., ECF No. 1-1 at p. 7. The Original Complaint alleges that Cooper, who was not named as a defendant, "stole, took, and converted to his own use checks and negotiable instruments . . . made payable to Plaintiff," and deposited the checks with Wells Fargo "over fraudulent endorsement." *Id.* at pp. 7–8. Plaintiff asserted four counts against Wells Fargo: Count One alleges that Wells Fargo breached its duty "not to pay the checks and negotiable instruments over [Cooper's] fraudulent indorsement" in violation of N.J.S.A. 12A:3-420, which imposes strict liability; Count Two alleges that Wells Fargo was negligent "in paying the proceeds of the fraudulently indorsed checks . . . to [Cooper]"; Count Three alleges that Wells Fargo fraudulently concealed its payment of the proceeds to Cooper; and Count Four asserts an *in rem*, attachment, and injunctive relief claim based on the violations asserted in Counts One through Three. *See id.* at pp. 9–11. Plaintiff also alleges that state authorities arrested and charged Cooper for the acts described in the Original Complaint and that Cooper or Wells Fargo remain in possession of the fraudulent proceeds. *Id.* at pp. 7–8.

On July 2, 2021, Wells Fargo removed the State Court Action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446(c). ECF No. 1. Wells Fargo asserts that the Court possesses subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) based on diversity of citizenship of the parties. *Id.* ¶¶ 8–10. As a national bank, Wells Fargo maintains that it "is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006); ECF No. 1 ¶ 9. Because Wells Fargo's main office is in South Dakota and Plaintiff is a citizen of New Jersey, Wells Fargo contends that complete diversity existed based on the Original Complaint. ECF No. 1 ¶ 10.

On August 2, 2021, after removal, Plaintiff filed an amended complaint (the "Amended Complaint") without the Court's leave "as a matter of course" pursuant to Federal Rule of Civil Procedure 15(a)(1). Am. Compl., ECF No. 7. The Amended Complaint contains the same factual allegations and the same four counts against Wells Fargo, but it names Cooper as a defendant and asserts two additional counts against him. *See id.* Specifically, Count Five alleges that Cooper "stole" and "converted" checks that were payable to Plaintiff and tendered those checks to Wells Fargo with a "fraudulent indorsement." *Id.* at pp. 7–9. Count Six alleges that Cooper, as "an independent contractor agent of Plaintiff," breached the duty of loyalty by stealing checks payable to Plaintiff. *Id.* at pp. 9–10.

On the same day it filed the Amended Complaint, Plaintiff filed a Motion to Remand the action to state court. ECF No. 8. The Motion contends that remand is appropriate pursuant to 28 U.S.C. § 1447(c), because the Court no longer possesses subject matter jurisdiction given that Cooper is a New Jersey resident, destroying complete diversity between Plaintiff and the two defendants. ECF No. 8-1. At the time Plaintiff filed the Motion to Remand, Wells Fargo had not filed an answer or a responsive pleading.

Wells Fargo opposes the Motion. ECF No. 12. It claims that Plaintiff purportedly manufactured grounds for remand by adding Cooper as a defendant in order to destroy diversity jurisdiction. *Id.* at 11–12.

**II. DISCUSSION**

When a plaintiff seeks to join a nondiverse party after a defendant removes the action to federal court based on diversity jurisdiction, "the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). While the Third Circuit has "not yet addressed the appropriate analytical approach to § 1447(e)," in an unpublished opinion, it embraced the Fifth Circuit's now widely cited decision in *Hensgens v. Deere & Co.*, which sets forth the

3

applicable standard. *See Hayden v. Westfield Insurance Co.*, 586 F. App'x 835, 840–41 (3d Cir. 2014); 833 F.2d 1179, 1182 (5th Cir.1987); *see also Wehrenberg v. Metro. Prop. and Cas. Ins. Co.*, Civ. No. 14-01477, 2015 WL 1643043, at **4–5 (W.D. Pa. Apr. 9, 2015) ("The *Hayden* Court, though not explicitly adopting the Fifth Circuit's approach in *Hensgens*, appears to have implicitly approved of its use in the § 1447(e) context."); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759 (7th Cir. 2009) (adopting *Hensgens* factors); *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 309 (8th Cir. 2009) (same); *Mayes v. Rapoport*, 198 F.3d 457, 462–63 (4th Cir. 1999) (same). *Hensgens* concluded that "when faced with an amended pleading naming a new nondiverse defendant in a removed case," a district court "should scrutinize that amendment more closely than an ordinary amendment." 833 F.2d at 1182. In doing so, the court must consider: "[(1)] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [(2)] whether [the] plaintiff has been dilatory in asking for amendment, [(3)] whether [the] plaintiff will be significantly injured if amendment is not allowed, and [(4)] any other factors bearing on the equities." *Id.*

Section 1447(e) and the *Hensgens* factors typically apply when a plaintiff moves to join a nondiverse party with the court's leave under Rule 15(a)(2). *See, e.g., Salamone v. Carter's Retail, Inc.*, Civ. No. 09-5856, 2010 WL 762192, at **1–2 (D.N.J. Mar.5, 2010) (applying section 1447(e) where plaintiff moved for leave to add nondiverse defendants pursuant to Rule 15(a)(2) after defendant had removed the action to federal court). Those circumstances align with the text of section 1447(e), which authorizes courts to "deny joinder, or permit joinder and remand the action." When a plaintiff moves for the court's leave to amend the complaint under Rule 15(a)(2), the court has an opportunity to determine whether joinder is appropriate, as section 1447(e) directs. In contrast, when a plaintiff joins a nondiverse defendant by amendment as of right under Rule 15(a)(1) and a defendant subsequently contests the plaintiff's motion to remand under section 1447(e), as occurred here, "a potential conflict" arises. *Mayes v. Rapoport*, 198 F.3d 457, 462 n. 11 (4th Cir. 1999). Because the

4

plaintiff already joined the nondiverse defendant by amendment as of right, the court technically does not have an opportunity to exercise its discretion to permit or deny joinder under section 1447(e). *See id.*

Notwithstanding this potential conflict, section 1447(e) and the *Hensgens* factors apply "even when the amendment of the complaint ordinarily would be 'as a matter of course' under Federal Civil Rule 15(a)(1)." 14C Charles Alan Wright *et al.*, *Fed. Practice & Procedure* § 3739.1 (4th ed.). Federal courts regularly apply section 1447(e) in these circumstances. *See Sussman v. Capitol One, N.A.*, Civ. No. 14-01945, 2014 WL 5437079, at *2 (D.N.J. Oct. 24, 2014) (collecting cases and applying section 1447(e) where plaintiff added nondiverse defendant by amendment as of right); *Dillard v. Albertson's, Inc.*, 226 F.3d 642 (5th Cir. 2000) (unpublished) (Section 1447(e) applies even when amendment would normally be allowed without the court's leave); *Mayes*, 198 F.3d at 462 n. 11 ("[A] district court has the authority to reject a post-removal joinder that implicates 28 U.S.C. § 1447(e), even if the joinder was without leave of court."); *McGee v. State Farm Mut. Auto. Ins. Co.*, 684 F.Supp.2d 258, 261 (E.D.N.Y. 2009) ("[E]very federal court that has considered the issue has found that the discretionary decision called for by § 1447(e) is appropriate even when plaintiff has amended as a matter of course under Rule 15(a)(1)(A)."); *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 n.2 (C.D. Cal. 2002) ("Although the permissive standard of Federal Rule of Civil Procedure 15(a) allows for amendment as a matter of course prior to the service of a responsive pleading, Fed. R. Civ. P. 15(a), the Court determines that the proper standard for deciding whether to allow post-removal joinder of a diversity-destroying defendant is set forth in 28 U.S.C. § 1447(e)."); *Wallace v. Dolgen Midwest, LLC*, Civ. No. 12-2945, 2014 WL 4338899, at *2 (N.D. Ohio Aug. 29, 2014) ("[A]lthough typically a plaintiff can amend once as a matter of course prior to the filing of a responsive pleading, where, as here, the addition of a party will destroy the court's jurisdiction and prejudice the other party, the general rule prevails that leave of court is necessary.")

5

(quotations and citations omitted).

If the Court determines that post-removal joinder of a nondiverse defendant is improper under section 1447(e), the court may dismiss the nondiverse defendant pursuant to section 1447(e) and Rule 21 of the Federal Rules of Civil Procedure. *See Mayes*, 198 F.3d at 462 n.11. Rule 21 authorizes district courts to "drop[] or add[]" a party "of its own initiative at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21; *Mayes*, 198 F.3d at 462 n.11. *Mayes* concluded that the district court's authority to drop a party under Rule 21 includes the authority to dismiss a nondiverse party joined by amendment as of right after removal to federal court when the court determines that joinder is improper under section 1447(e). *See Mayes*, 198 F.3d at 462 n.11; *McGee*, 684 F. Supp. 2d at 262 (same). Accordingly, I must determine under section 1447(e) and the *Hensgens* factors whether to permit Plaintiff to join Cooper and remand the action.

The *Hensgens* factors all support dismissal of Cooper and denial of the Motion to Remand. First, I find that Plaintiff added Cooper as a defendant in order to destroy diversity jurisdiction. Plaintiff was well aware of Cooper's role in the alleged fraud when it filed the original Complaint, as evidenced by the detailed allegations against Cooper therein, *see* Compl., ECF No. 11 at pp. 7–9, which weighs heavily against remand. *See Parson v. Home Depot USA, Inc.*, Civ. No. 13-4817, 2013 WL 6587316, at *3 (D.N.J. Dec. 13, 2013) ("In instances where a plaintiff knows of a defendant's activities but chooses not to include him, courts will deny the late attempt to join, viewing the late addition as 'nothing more than an attempt to destroy diversity.'") (quoting *Salamone*, 2010 WL 762192, at *2). Notwithstanding its awareness of Cooper's conduct, Plaintiff nevertheless stated in a Civil Case Information Statement filed with the Complaint that it did not anticipate adding any other defendants. *See* Compl., ECF No. 1-1 at p. 15. Plaintiff also filed the Motion to Remand on the same day it filed the Amended Complaint. *See* ECF Nos. 7, 8. Both of these acts further support the inference that Plaintiff's purpose in adding Cooper was primarily to destroy diversity jurisdiction.

*See Sussman*, 2014 WL 5437079, at *5 (finding plaintiff's statement in Case Information Statement that he did not anticipate adding any other parties, combined with "the timing of [the plaintiff's] amendment, which occurred a mere four days after removal," demonstrated plaintiff joined nondiverse defendants in order to destroy diversity).

Plaintiff's attempt to demonstrate that it added Cooper primarily for reasons other than destroying diversity is unpersuasive. Plaintiff states that, at the time it filed the original Complaint, it was unsure whether Cooper "was a viable defendant given his issues with arrest and criminal prosecution." ECF No. 15 at 4. But Plaintiff does not elaborate on these "issues," and in any event, there is no indication that any such issues were resolved before Plaintiff filed the Amended Complaint, which contains the same allegations regarding Cooper's arrest and prosecution. *See* Am. Compl., ECF No. 7 at p. 2. Plaintiff also maintains it added Cooper in response to Wells Fargo's notification that it planned to raise defenses based on certain purportedly exculpatory documents. *See* ECF No. 15 at 4, 8. However, given the allegations in the Original Complaint that Cooper stole checks payable to Plaintiff and cashed them in a Wells Fargo account, Compl., ECF No. 11 at pp. 7–9, it is simply not credible that Plaintiff did not anticipate Wells Fargo raising defenses similar to those that ostensibly triggered Plaintiff's decision to add Cooper. Accordingly, I find that Plaintiff's primary purpose in adding Cooper was to destroy the Court's diversity jurisdiction.

Second, Plaintiff was dilatory in adding Cooper, further supporting denial of joinder and the Motion to Remand. Whether a plaintiff was dilatory in adding a defendant turns on "the length of time" between the initial complaint, removal, and when the plaintiff seeks to add the defendant, "as well as the nature of the delay." *See City of Perth Amboy v. Safeco Ins. Co. of America*, 539 F. Supp. 2d 742, 748 (D.N.J. 2008); *Albino v. Home Depot*, 2020 WL 2932946, at *5 (D.N.J. June 3, 2020). Here, Plaintiff filed the Amended Complaint and Motion to Remand on August 2, 2021, which was 60 days after it filed the Original Complaint in state court on June 3, 2021, and 30 days after Wells

7

Fargo removed the case on July 2, 2021. *See* ECF Nos. 1-1, 1, 7, and 8. These periods are consistent with those that were indicative of dilatory conduct in other cases within this district. *See, e.g.*, *Albino*, 2020 WL 2932946, at *5 (plaintiff was dilatory in filing motion to amend 19 days after removal and less than 40 days after filing initial complaint in state court where plaintiff did not adequately explain the delay); *Salamone*, 2010 WL 762192, at *2 (plaintiff was dilatory in filing motion to amend 37 days after removal where parties had not exchanged initial disclosures and plaintiff was apparently aware of new defendant's conduct before filing initial complaint); *Parson*, 2013 WL 6587316, at*3 (plaintiff was dilatory in filing motion to amend more than 30 days after removal where plaintiff "did not give a reason for the delay other than oversight"). More importantly, Plaintiff was aware of Cooper's allegedly unlawful conduct when it filed the Original Complaint. *See* Compl., ECF No. 1-1. And there is no indication that Plaintiff learned of any additional inculpatory conduct before filing the Amended Complaint, as the allegations against Cooper therein are identical to those in the Original Complaint. *Compare* Compl., ECF No. 1-1 at pp. 7–9, *with* Am. Compl., ECF No. 7 at pp. 2–3. These facts indicate that Plaintiff was dilatory in filing the Amended Complaint and Motion to Remand. *See, e.g.*, *Bailey*, 563 F.3d at 309 (plaintiff was dilatory in part because he knew "of all the involved parties before he filed the action"); *Arevelo*, 2016 WL 4975199, at *4 (finding plaintiff was dilatory in part because he "was well aware of [the joined defendant's] identity prior to the filing of his initial state court Complaint").

With respect to the third *Hensgens* factor, dismissing Cooper and denying the Motion to Remand will not "significantly injure[]" Plaintiff. 833 F.2d at 1182. Plaintiff may still bring the same claims against Cooper in state court. Although Plaintiff may incur some added expense by pursuing parallel suits, by itself that does not qualify as a "significant" injury. *See Fuller v. Insys Therapeutics, Inc.*, Civ. No. 17-07877, 2018 WL 2717236, at *5 (D.N.J. June 5, 2018) (quoting *Salamone*, 2010 WL 762192, at *3) ("'[M]aintaining concurrent federal and state actions arising out of the same series

8

of transactions would not be a significant injury.'"). This case is unlike *Perth Amboy*, where denying joinder would have prejudiced the plaintiff because the defendants were "jointly and severally liable," which created a "genuine risk of conflicting findings and rulings" between the federal and state courts. 539 F. Supp. 2d at 749. Here, there are no allegations that Cooper and Wells Fargo are jointly and severally liable to Plaintiff. *See Salamone*, 2010 WL 762192, at *3 (distinguishing *Perth Amboy* on grounds that the defendants in *Salamone* were not jointly and severally liable).

Plaintiff nevertheless maintains that joinder and remand is appropriate because, according to Plaintiff, Defendant must satisfy what is a heavy burden under the "fraudulent joinder" doctrine. That doctrine "represents an exception to the requirement that removal be predicated solely upon complete diversity." *In re Briscoe*, 448 F.3d 201, 215–16 (3d Cir. 2006). In an action where the plaintiff joins nondiverse defendants, "the diverse defendant may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." *Id.* at 216. "'Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment.'" *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009) (quoting *Briscoe*, 448 F.3d at 217). "'[I]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.'" *Brown*, 575 F.3d at 326 (quoting *Briscoe*, 448 F.3d at 217). Plaintiff contends that Defendant is unable to satisfy this burden with respect to the claims against Cooper.

Although the Third Circuit has not squarely addressed this issue, other courts of appeals have concluded that "[f]raudulent joinder . . . is arguably inapplicable to *post*-removal joinder," as is at issue here. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 763 (7th Cir. 2009) (emphasis in original); *Mayes*, 198 F.3d at 461; *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999).

9

"Because the doctrine allows a district court to assume initial diversity jurisdiction upon removal from state court despite the presence of nondiverse parties, some courts have held that 'it has no effect once the district court actually possesses jurisdiction—including after the case has been removed.'" *Id.* (quoting *Mayes*, 198 F.3d at 461). Rather, in "the post-removal context," some courts have concluded that the doctrine "can be a relevant factor for determining whether to permit joinder under § 1447(e)." *Id.* at 764; *Mayes*, 198 F.3d at 463; *Neuner v. Samost*, Civ. No. 12-2420, 2012 WL 5944143, at **2–3 (D.N.J. Nov. 26, 2012). And "if the defendants can carry the heavy burden of proving fraudulent joinder," that factor may weigh heavily against joinder of a nondiverse party. *See Mayes*, 198 F.3d at 463. But just because satisfying the fraudulent joinder standard may support the denial of joinder and remand, that does not mean a defendant *must* establish fraudulent joinder in order to demonstrate that post-removal joinder is improper under section 1447(e). While I agree that on the record before me, Wells Fargo likely cannot establish fraudulent joinder under *Briscoe*, 448 F.3d at 215–17, for the reasons discussed *supra*, I nevertheless conclude under section 1447(e) that remand is inappropriate and that Cooper must be dismissed from this action.[1]

---

[1] Plaintiff does not argue that the Court has supplemental jurisdiction over the claims against Cooper pursuant to 28 U.S.C. § 1367, and any such argument would fail. In any action where the district court has original jurisdiction based solely on diversity, as is true here, district courts do not have supplemental jurisdiction "over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure." 28 U.S.C. § 1367(b). Here, aside from the issues raised under section 1447(e), Plaintiff validly joined Cooper as a defendant by amendment as of right pursuant to Rules 15(a)(1) and 20. *See Ascension Enters., Inc. v. Allied Signal, Inc.*, 969 F. Supp. 359, 360–61 (M.D. La. 1997) (treating joinder of new defendant by amendment as of right under rule 15(a) as permissive joinder pursuant to Rule 20). The claims against Cooper arise out of the same transaction and occurrence as those against Wells Fargo—Cooper allegedly cashed fraudulently endorsed checks with Wells Fargo—and the claims against both defendants raise common questions of law or fact. *See* Fed. R. Civ. P. 20(a)(2); Am. Compl., ECF No. 7 at p. 2. Because Plaintiff joined Cooper pursuant to Rule 20, the Court does not possess supplemental jurisdiction under section 1367(b). *See Hayden*, 586 F. App'x at 840 n.5 (no supplemental jurisdiction under section 1367(b) where plaintiff moved to join nondiverse defendants with court's leave because defendants were joined pursuant to Rule 20); *Ascension Enters.*, 969 F. Supp. at 361 (no supplemental jurisdiction under section 1367(b) where plaintiff joined nondiverse defendant by amendment as of right under

This Court's decision in *Route 27, LLC v. Getty Petroleum Marketing, Inc.*, Civ. No. 10-3080, 2011 WL 1256618 (D.N.J. Mar. 30, 2011), is not to the contrary. In *Route 27*, a defendant sought to remove the action to federal court based on diversity jurisdiction notwithstanding the presence of nondiverse parties. *Id.* at *2. The defendant argued that removal was proper because the plaintiff had fraudulently joined the nondiverse defendants in an amended complaint filed before the defendant sought removal. *See id.* at *4. In these circumstances, the fraudulent joinder doctrine applied. *See id.* (noting that "fraudulent joinder for the purpose of defeating diversity is 'an exception to the requirement that removal be predicated solely upon complete diversity.'") (quoting *Briscoe*, 448 F.3d at 216). However, *Route 27* clarified that "the standard applied to an assertion of fraudulent joinder under the diversity statute differs from that applicable to a motion to amend under 28 U.S.C. § 1447(e), where the plaintiff seeks to add, after removal, additional defendants whose inclusion would defeat diversity." 2011 WL 1256618, at *4 n.4. Unlike in *Route 27*, section 1447(e) governs Plaintiff's post-removal attempt to join a nondiverse party, here, and the discretionary factors applicable under section 1447(e) counsel against joinder and remand.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand is **DENIED** and Cooper is dismissed from the action. An appropriate form of Order is filed herewith.

Date: March 25, 2022                                      /s/ Freda L. Wolfson
                                                          Hon. Freda L. Wolfson
                                                          U.S. Chief District Judge

---

Rule 15(a) because defendant was joined pursuant to Rule 20).